```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VI TRAN,

                        Plaintiff,

v.                                          1:15-CV-0559
                                            (GTS/WBC)
CAROLYN W. COLVIN
Commissioner of Social Security,

                        Defendant.
_____
```

| APPEARANCES: | OF COUNSEL: |
|---|---|
| EMPIRE JUSTICE CENTER - ALBANY<br> Counsel for Plaintiff<br>119 Washington Avenue, 2nd Floor<br>Albany, NY 12210 | LOUISE MARIE TARANTINO, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL<br>– REGION II<br> Counsel for Defendant<br>26 Federal Plaza, Room 3904<br>New York, NY 10278 | DAVID L. BROWN, ESQ. |

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

Currently before the Court, in this Social Security action filed by Vi Tran ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are (1) the Report and Recommendation of United States Magistrate Judge William B. Mitchell Carter, recommending that Plaintiff's motion for judgment on the pleadings be denied, and that Defendant's motion for judgment on the pleadings be granted, (2) Plaintiff's objections to the Report and Recommendation, and (3) Defendant's

response to Plaintiff's objections. (Dkt. Nos. 24, 25, 27.) For the reasons set forth below, the Report and Recommendation is accepted and adopted in its entirety.

## I. PLAINTIFF'S OBJECTIONS

Generally, Plaintiff makes two arguments in objection to Magistrate Judge Carter's Report and Recommendation. First, Plaintiff argues that Magistrate Judge Carter erred in adopting the ALJ's step five finding because the ALJ failed to resolve the conflict between the vocational expert testimony and the Dictionary of Occupational Titles ("DOT"). (Dkt. No. 25 at 2-6.) Within this argument, Plaintiff argues that Magistrate Judge Carter incorrectly found that Plaintiff's visual limitations were properly excluded from the RFC because the ALJ found that Plaintiff's eye condition was not a severe impairment. (*Id.* at 3.) Plaintiff argues that Magistrate Judge Carter's finding was erroneous because, in assessing the RFC, the ALJ is required to consider limitations and restrictions imposed by all of a plaintiff's impairments, including those that are not severe, pursuant to SSR 96-8p. (*Id.* at 3).

Second, Plaintiff argues that Magistrate Judge Carter erred in finding that the ALJ was not required to obtain Plaintiff's prior disability determination and file. (*Id.* at 6-7.) Within this argument, Plaintiff argues that Magistrate Judge Carter incorrectly cited HALLEX I-2-1-10(D)(3) because it has since been superceded by HALLEX I-2-1-13. (*Id.* at 6.)

## II. DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS

Generally, Defendant makes three arguments in her response to Plaintiff's objections. (Dkt. No. 27.) First, Defendant argues that the ALJ did not err by not including visual limitations in the RFC finding because the ALJ properly determined that Plaintiff's dry eyes caused no more than minimal limitations in Plaintiff's ability to perform work-related activities. (*Id.* at 2-3.)

Second, Defendant argues that Magistrate Judge Carter correctly found that the positions identified by the vocational expert did not conflict with the DOT, and the ALJ properly relied upon the vocational expert's statement that the positions did not conflict with the DOT. (*Id.* at 3-5.) Third, Defendant argues that Magistrate Judge Carter correctly determined that the ALJ was not required to obtain the file from Plaintiff's prior SSI file based on Plaintiff's claim of generalized relevance. (*Id.* at 5.) Within this argument, Defendant argues that HALLEX I-2-1-13 was not in effect at the time of the ALJ's decision and would not require the ALJ to obtain Plaintiff's file from her prior SSI claim in this matter. (*Id.*)

## III. APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's Report and Recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's Report and Recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord,* 28 U.S.C. § 636(b)(1)(C). "A judge of the court shall make a *de novo* determination of those portions of the [Report and Recommendation] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord,* Fed. R. Civ. P. 72(b)(2). "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 9-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 [N.D.N.Y. 2008]) (internal quotation marks omitted).

## IV. ANALYSIS

To the extent that Plaintiff raises specific objections to Magistrate Judge Carter's Report and Recommendation, the Court reviews these portions of the Report and Recommendation *de novo.*

First, the Court will address Plaintiff's argument that Magistrate Judge Carter incorrectly stated that the ALJ's RFC did not improperly exclude visual limitations because the ALJ found that Plaintiff's dry eye condition was not a severe impairment. Plaintiff's argument that the ALJ is required to consider limitations and restrictions imposed by all of a plaintiff's impairments, including those that are not severe, is well taken. 20 C.F.R. § 404.1523, 404.1545(a)(2); SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996). Notwithstanding Magistrate Judge Carter's statement, the ALJ correctly noted that his RFC determination must consider all of the plaintiff's impairments, including impairments that are not severe. (Dkt. No. 9 at 11.)

Moreover, both Magistrate Judge Carter and the ALJ noted that Plaintiff maintained 20/25 corrected vision in both eyes and did not experience any visual disturbance secondary to her dry eyes. (*Id.* at 11- 12), (Dkt. No. 24 at 20-21.) Accordingly, Magistrate Judge Carter correctly noted that the ALJ did not err by not including visual limitations in the RFC because Plaintiff did not have any work-related visual limitations resulting from her dry eyes. (Dkt. No. 24 at 20-21.) Because the Court finds no error in the ALJ's RFC assessment, we conclude that the ALJ did not err in posing a hypothetical question to the vocational expert that was based on the RFC. *Dumas v. Schweiker,* 712 F.2d 1545, 1553-54 (2d Cir. 1990) (approving a hypothetical question to a vocational expert that was based on an assumption supported by substantial evidence in the record).

Second, the Court turns to Plaintiff's argument that Magistrate Judge Carter erred in finding that the ALJ was not required to obtain Plaintiff's prior disability determination and file because Magistrate Judge Carter incorrectly cited HALLEX I-2-1-10(D)(3), which has since been superceded by HALLEX I-2-1-13. (*Id.* at 6.) While Magistrate Judge Carter referenced HALLEX I-2-1-10(D)(3), which was in effect at the time of the ALJ's decision, Magistrate Judge Carter noted that the HALLEX Manual guidelines are not binding. (Dkt. No. 24 at 24). Moreover, Magistrate Judge Carter properly relied on *DeChirico v. Callahan,* 134 F.3d 1117, 1184 (2d Cir. 1998), to find that the ALJ was not required to obtain Plaintiff's prior disability determination and file based on Plaintiff's claim of generalized relevance to the current matter. (Dkt. No. 24 at 24). Accordingly, the Court finds that Plaintiff's argument is without merit.

The Court finds that the balance of Plaintiff objections merely reiterate arguments presented in Plaintiff's initial brief. (*Compare* Dkt. No. 25 *with* Dkt. No. 15.) Therefore, the Court reviews the balance of Magistrate Judge Carter's Report and Recommendation for clear error only. After carefully reviewing the relevant filings in this action, including Magistrate Judge Carter's thorough Report and Recommendation, the Court can find no clear error in the Report and Recommendation. (Dkt. No. 24.) Magistrate Judge Carter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id.*)

**ACCORDINGLY,** it is

**ORDERED** that Magistrate Judge Carter's Report and Recommendation (Dkt. No. 24) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: September 28, 2016
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge